# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>the cellular telephone assigned call number<br>414-607-2802 (the "Target Cell Phone"), whose service<br>provider is AT&T, as further described in Attachment A | Case No. 23-968M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before August 9, 2023 _(not to exceed 14 days)_
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Hon. Nancy Joseph    .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for  30  days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 7/26/2023 @ 10:22 a.m.

*Judge's signature*

City and state:  Milwaukee, WI    Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|
|     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br>Date: _____<br><br>                                                          _____<br>                                                          *Executing officer's signature*<br><br>                                                          _____<br>                                                               *Printed name and title* |

# ATTACHMENT A

## Property to Be Searched

1. The cellular telephone assigned call number 414-607-2802 (the "Target Cell Phone"), whose service provider is AT&T, a wireless telephone service provider headquartered in Dallas, Texas.

2. Information about the location of the Target Cell Phone that is within the possession, custody, or control of AT&T, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

# ATTACHMENT B

## Particular Things to be Seized

1. All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days from the date the warrant is signed, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

2. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

3. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

1

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. 23-968M(NJ)
the cellular telephone assigned call number )
414-607-2802 (the "Target Cell Phone"), whose service )
provider is AT&T, as further described in Attachment A )

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Distribution of a controlled substance. |

The application is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.
☑ Delayed notice of  30  days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

COLEMAN WILLIAMS  Digitally signed by COLEMAN WILLIAMS
Date: 2023.07.25 13:30:27 -05'00'

*Applicant's signature*

Coleman Williams, DEA SA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
 telephone  *(specify reliable electronic means)*.

Date: 7/26/2023

*Judge's signature*

City and state: Milwaukee, WI    Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

AFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT

I, Coleman Williams, being first duly sworn, hereby depose and state as follows:

**<u>INTRODUCTION AND AGENT BACKGROUND</u>**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 414-607-2802 (the "Target Cell Phone"), whose service provider is AT&T, a wireless telephone service provider headquartered in Dallas, Texas. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. I am a Special Agent with the Drug Enforcement Administration ("DEA"). I have been so employed since June 2020. Prior to my employment with DEA, I was employed as a Special Agent with the United States Secret Service for approximately 2 years and ten months.

3. As part of my duties as a DEA Special Agent, I investigate criminal violations relating to narcotics trafficking and money laundering offenses, including criminal violations of the Federal Controlled Substance laws, including, but not limited to Title 18, United States Code, Sections 1956, and 1957, and Title 21, United States Code, Sections 841, 843, 846, 848, 952 and 963. I have been involved in electronic surveillance methods, the debriefing of defendants, informants, and witnesses, as well as others who have knowledge of the distribution, transportation, storage, and importation of controlled substances.

4. I have received training in the area of narcotics investigations, money laundering, financial investigations, and various methods which drug dealers use in an effort to conceal and

1

launder the proceeds of their illicit drug trafficking enterprises. I have participated in investigations involving violations of narcotics laws.

5. This affidavit is based upon my personal knowledge and upon information reported to me by other federal and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation.

6. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

7. Based on the facts set forth in this affidavit, there is probable cause to believe that Abel THOMAS has violated, and is continuing to violate Title 21, United States Code, Sections 841(a)(1). There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal offenses and will lead to the identification of other individuals who are engaged in the commission of these offenses.

## PROBABLE CAUSE

8. Beginning in June 2023, DEA investigators utilized a confidential source (hereinafter referred to as "CS") who had information on a subject who distributes counterfeit M30 pills suspected to be laced with fentanyl in the Milwaukee metropolitan area. The subject was identified as Abel THOMAS. The CS also stated Abel THOMAS' phone number is 414-607-2802 (the "Target Cell Phone"). Case agents confirmed that the listed subscriber for the Target Cell Phone is Abel THOMAS. In early July 2023, a DEA investigator spoke telephonically with the

2

Case 2:23-mj-00968-NJ    Filed 07/26/23    Page 7 of 14    Document 1

CS. During the phone call, the CS provided information regarding THOMAS. The CS stated THOMAS told him/her that he has 1000 M30 pills in his possession to sell. The CS also stated that THOMAS said that he got the pills from his source in Detroit, MI. The CS also believes that THOMAS has a local source in Milwaukee, WI if THOMAS is unable to travel to Detroit, MI to replenish his stash.

9. Throughout the course of the investigation into THOMAS, case agents made a controlled buy of counterfeit M30 pills suspected to be laced with fentanyl from Abel THOMAS. Based on my training and experience, a "controlled buy" is a law enforcement operation in which an informant, also known as a confidential source, purchases drugs from a target. The operation is conducted using surveillance, usually audio and video taping equipment, and pre-recorded purchase money. When a confidential source is used, s/he is searched for contraband, weapons, and money before the operation. The confidential source is also wired with a concealed body recorder and/or a monitoring device. When the transaction is completed, the confidential source meets cases agents at a pre-determined meet location and gives the purchased drugs and the recording/monitoring equipment to the case agents. The confidential source is again searched for contraband, weapons, and money and then interviewed by the case agents about the drug transaction. A sample of the suspected drugs is then field tested by the case agents for the presence of controlled substances and then placed in inventory pursuant to normal inventory procedures. All of the calls to the target by the informants are consensually recorded calls under the direction and control of case agents and made in the presence of case agents. Additionally, case agents observe the informants dial the target's number on each occasion and the contact is verified through telephone records.

10. On July 11, 2023, the CS conducted a controlled buy of 39 M30 pills for $880 with THOMAS. During the controlled buy, the CS met with THOMAS in the alley behind his current residence at 3445/3447 N 56th street in Milwaukee, Wisconsin. After the controlled buy, the CS met with law enforcement. The CS advised that he/she purchased 39 M30 pills suspected to be laced with fentanyl for $880. The CS relinquished the drugs to law enforcement.

11. For several reasons, case agents believe the CS to be reliable and credible. First, the CS has been providing information on this investigation since June of. 2023. Second, the information the CS has provided is substantially against the CS's penal interest. Third, the information provided by the CS is consistent with evidence obtained elsewhere in this investigation and portions of the CS's information has been corroborated through phone records and independent law enforcement investigation. The CS is cooperating for monetary compensation and the CS has one prior felony conviction. For these reasons, case agents believe the CS to be reliable.

12. Based upon my training and experience, I know that individuals involved in drug trafficking use their cellular telephones to contact other drug dealers and drug purchasers, and that information relating to their telephones may show the areas in which they are trafficking drugs and the individuals who they are contacting to sell or distribute the drugs. Based upon the facts in this affidavit, there is probable cause to believe that THOMAS is engaging in the trafficking and distribution of M30 pills, which are suspected to be laced with fentanyl, and is utilizing the telephone number 414-607-2802, Target Cell Phone, to further this crime.

## **CONCLUSION**

13. Based on all the forgoing, I submit that there is probable cause to believe that Abel THOMAS is engaged in the distribution of M30 pills suspected to be laced with fentanyl, in violation of 21 U.S.C. §§ 841(a)(1). I further believe that evidence of this crime is likely to be

found by tracking the location of the cellular telephone assigned call number (414) 607-2802 (the "Target Cell Phone").

14. In my training and experience, I have learned that AT&T is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise than E-911 Phase II data.

15. Based on my training and experience, I know that AT&T can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available.

16. Based on my training and experience, I know that AT&T can collect cell-site data about the Target Cell Phone.

5

## AUTHORIZATION REQUEST

17. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

18. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

19. I further request that the Court direct AT&T to disclose to the government any information described in Attachment B that is within the possession, custody, or control of AT&T for a time period of 30 days from the date the warrant is signed. I also request that the Court direct AT&T to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may

be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

20. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number 414-607-2802 (the "Target Cell Phone"), whose service provider is AT&T, a wireless telephone service provider headquartered in Dallas, Texas.

2. Information about the location of the Target Cell Phone that is within the possession, custody, or control of AT&T, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

1

# ATTACHMENT B

## Particular Things to be Seized

1. All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days from the date the warrant is signed, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

2. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

3. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

1